[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 201.]

GIBSON, APPELLEE, *v*. MEADOW GOLD DAIRY, APPELLANT;  ADMINISTRATOR OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *Gibson v. Meadow Gold Dairy*, 2000-Ohio-301.]

*Workers' compensation—R.C. 4123.65 requirement that settlements of workers' compensation claims against self-insured employers be in writing and not be effective for thirty days after signing applies to claims on appeal to a common pleas court under R.C. 4123.512 as well as to claims still at the administrative level.*

The requirement of R.C. 4123.65 that settlements of workers' compensation claims against self-insured employers be in writing and not be effective for thirty days after signing applies to claims on appeal to a common pleas court under R.C. 4123.512 as well as to claims still at the administrative level.

(Nos. 99-122 and 99-429—Submitted November 3, 1999—Decided March 15, 2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 98AP-282.

————————————

{¶ 1} This case presents the question whether a common pleas court may enforce an oral settlement of an appeal under R.C. 4123.512 between a workers' compensation claimant and a self-insured employer. The dispute arose in 1995 during the pendency of such an appeal filed by claimant Don Gibson in the Franklin County Court of Common Pleas, seeking allowance of additional conditions. During the discovery phase of the case, Gibson reached an oral agreement with his former employer, appellant Meadow Gold Dairy, a self-insured employer, to settle the case for $5,000.  Approximately three weeks later, after Meadow Gold had sent Gibson a stipulation of settlement and release for him to execute, Meadow Gold

learned that Gibson refused to sign the paperwork, thereby withdrawing his consent to the settlement agreement.

{¶ 2} Meadow Gold moved for an order directing Gibson to sign the settlement agreement, arguing that Gibson had agreed to its terms on the record and, therefore, the court could enforce the agreement under the authority of *Mack v. Poulson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902. Gibson countered that R.C. 4123.65(C) required a signed agreement followed by a thirty-day waiting period before the settlement could become binding. The trial court granted the motion and ordered Gibson to execute the agreement and carry out its terms. When Gibson failed to comply with the order, the trial court dismissed the case. Gibson appealed the dismissal, arguing that there had not been a binding, enforceable settlement agreement between himself and Meadow Gold.

{¶ 3} The Franklin County Court of Appeals reversed the trial court's decision. In its opinion, it stated that R.C. 4123.65 controls settlement of claims even when the common pleas court has jurisdiction of a pending claim pursuant to R.C. 4123.512. Meadow Gold appealed to this court, and the court of appeals certified a conflict between its decision and a decision by the Wayne County Court of Appeals in *Johnson v. A.R.E., Inc.* (Jan. 21, 1998), Wayne App. Nos. 97CA0005 and 97CA0006, unreported, 1998 WL 46801. The cause is now before this court upon the allowance of a discretionary appeal and upon our determination that a conflict exists.

_____

*Hochman & Roach Co., L.P.A., Gary D. Plunkett* and *Cinamon S. Houston,* for appellee Don Gibson.

*Earl, Warburton, Adams & Davis, Andrew S. Adams, Grier D. Schaffer* and *Christopher R. Walsh,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Administrator of Workers' Compensation.

*Lee M. Smith & Assoc., Co., L.P.A., Elizabeth P. Weeden* and *Lee M. Smith,* for appellee Industrial Commission of Ohio.

_____

**COOK, J.**

{¶ 4} R.C. 4123.65[1] regulates the settlement of workers' compensation claims by providing for administrative review to protect parties against settlements that are "clearly unfair" or that constitute "gross miscarriage[s] of justice." R.C. 4123.65(D). The statute provides that "[n]o settlement agreed to * * * by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after * * * the self-insuring employer and employee sign the final settlement agreement," and further provides that "[d]uring the thirty-day period, * * * the employer or employee, for self-insuring settlements, may withdraw consent to the settlement." R.C. 4123.65(C).

{¶ 5} It also directs "every" self-insuring employer that enters into a final settlement agreement with an employee to mail a copy of it within seven days of execution to the administrator and the employee's representative, and mandates that the administrator place the copy in the claimant's file. R.C. 4123.65(A). The thirty-day waiting period in R.C. 4123.65(C) applies to every settlement agreed to by a self-insuring employer and its employee. And during the thirty-day period, which runs from the time the agreement is signed, either party may withdraw consent to the settlement. There is no language in the statute excepting settlements reached during a .512 appeal.

{¶ 6} Though the general rule is that a trial court may enforce a settlement that was agreed to by the parties in the presence of the court, regardless of whether it has been reduced to writing, *Mack, supra,* 14 Ohio St.3d 34, 14 OBR 335, 470

---

1. See Appendix for the version of R.C. 4123.65 in effect at the time of the events in this case. See Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 3173-3175. R.C. 4123.65 was subsequently amended, but the amendments do not affect the continuing validity of this decision. See Sub. H.B. No. 413, 146 Ohio Laws, Part III, 4656-4658.

N.E.2d 902; *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, that general rule is directed at settlements that affect only the interests of the parties before the court. But settlement of workers' compensation cases necessarily affects the interests of the workers' compensation system itself. Thus, R.C. 4123.65 allows thirty days for administrative review to protect those interests.

{¶ 7} Gibson, therefore, properly exercised his right to withdraw his consent to the agreement as allowed by R.C. 4123.65. The oral settlement never legally bound Gibson and thus could not be enforced because Gibson had not signed the agreement and, moreover, would have had thirty days from signing to withdraw his written consent. We agree with the court of appeals' conclusion that the trial court incorrectly sanctioned Gibson with dismissal of his case for his failure to sign and comply with the oral settlement agreement.

{¶ 8} In reaching its decision, the court of appeals stated that R.C. 4123.65 applies to all settlements of workers' compensation claims. The administrator has asked us to rule that, as to employers insured by the State Insurance Fund, the statute applies only to settlements at the administrative level, not to settlements reached during an appeal under R.C. 4123.512. We do not address this issue because it is not properly before us in this case. Settlements involving state-fund employers are referred to in the statute with different language. For example, the statute applies to "every" self-insured settlement, but does not have corresponding language encompassing "every" state-fund settlement. We will thus not render an advisory opinion, preferring instead to address the applicability of R.C. 4123.65 to settlements involving state-fund employers in a case where that issue is presented and briefed.

{¶ 9} The necessary holding of the court of appeals below, excluding dicta, was that, pursuant to R.C. 4123.65, settlements of claims against self-insured employers reached during the pendency of a .512 appeal are not binding until a

final settlement agreement is signed by the parties and thirty days have passed thereafter. Our decision today affirms that limited holding and does not address the enforceability of oral settlements involving state-fund employers.

{¶ 10} Finally, Meadow Gold argues that the statute is unconstitutional if it postpones the effective date of a settlement agreement reached during a .512 appeal. According to Meadow Gold, it violates the doctrine of separation of powers by prohibiting a trial court from enforcing a settlement made in a case pending before the court. Further, it abrogates the freedom to contract by postponing the date a settlement becomes binding after the parties themselves sign the agreement. Meadow Gold failed to raise these constitutional arguments in the trial court, so those arguments are waived and we thus do not address them. See, *e.g.*, *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277. Even if they were not waived, they are without merit. First, the statute does not restrict a trial court's power to enforce a binding settlement; rather, the statute identifies the point at which a .512 settlement *becomes* binding (and, thus, enforceable). Second, because " ' "existing laws [are] read into contracts in order to fix obligations between the parties," ' " *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 79, 25 OBR 125, 132, 495 N.E.2d 380, 387, citing *El Paso v. Simmons* (1965), 379 U.S. 497, 508, 85 S.Ct. 577, 583, 13 L.Ed.2d 446, 454, Gibson and Meadow Gold implicitly agreed to the conditions of finality set forth in R.C. 4123.65 when they initially agreed to settle their .512 appeal.

{¶ 11} We hold that the requirement of R.C. 4123.65 that settlements of workers' compensation claims against self-insured employers be in writing and not be effective for thirty days after signing applies to claims on appeal to a common pleas court under R.C. 4123.512 as well as to claims still at the administrative level. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

F.E. SWEENEY, J., concurs.

DOUGLAS and RESNICK, JJ., concur in the syllabus and judgment.

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 12} The Industrial Commission denied appellee Don Gibson's claims for allowance of additional conditions allegedly resulting from a 1986 incident. Gibson appealed that denial to the common pleas court pursuant to R.C. 4123.512.

{¶ 13} On November 14, 1995, the parties met for the purpose of taking Gibson's deposition. Before the deposition began the parties engaged in settlement negotiations and orally agreed to settle Gibson's workers' compensation claim for $5,000. Gibson specifically authorized his counsel to settle for that amount. Thereafter, Gibson's counsel confirmed the terms of the settlement in a letter to counsel for the employer dated November 27, 1995. The parties made a written stipulation of these facts and made that stipulation a part of the trial court's record in the R.C. 4123.512 appeal.

{¶ 14} This appeal thus presents a single determinative issue: Did the trial court err in dismissing Gibson's R.C. 4123.512 workers' compensation appeal as a sanction for failing to comply with its order to execute documents implementing the oral settlement agreement made by the parties on November 14, 1995? I believe that the trial court did not violate applicable law in ordering the plaintiff to implement the settlement and that its judgment should therefore be affirmed.

{¶ 15} In answer to the certified question, I would hold that settlements entered into between a self-insuring employer and an employee during the pendency of an R.C. 4123.512 appeal in a common pleas court are not subject to the provisions of R.C. 4123.65, including the thirty-day cooling-off period set forth in R.C. 4123.65(C). Accordingly, in my view, R.C. 4123.65 does not provide Gibson with justification for disregarding the trial court's order.

6

**{¶ 16}** It is well established that trial courts possess power to enforce settlement agreements voluntarily entered into by the parties to a lawsuit. *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902. Where allegations are made of fraud, duress, or undue influence, or of any factual dispute concerning the existence of the terms of such an agreement, the court may conduct an evidentiary hearing to determine whether the agreement indeed constitutes a valid contract. *Id.* Gibson made no allegation of fraud, duress, or undue influence, or of any factual dispute as to the terms of the settlement to which he had previously agreed. He simply changed his mind and decided he did not want to settle.

**{¶ 17}** R.C. 4123.65 is not a model of legislative draftsmanship. Nevertheless, review of divisions (D) and (F) of R.C. 4123.65, read *in pari materia* with other workers' compensation statutes, leads to the conclusion that the General Assembly did not intend to establish a thirty-day cooling-off period for settlement of claims made against self-insuring employers that have reached the common pleas court by a R.C. 4123.512 appeal.

**{¶ 18}** R.C. 4123.65(D) provided: "At the time of agreement to any final settlement * * * agreement between a self-insuring employer and his employee, * * * the self-insuring employer, for self-insuring settlements, immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer shall determine, within the time limitations specified in division (C) of this section [thirty days], whether the settlement agreement is or is not a gross miscarriage of justice. If the staff hearing officer determines within that time period that the settlement agreement is clearly unfair, the settlement agreement is deemed not approved."

**{¶ 19}** R.C. 4123.65(F) provides, "A settlement entered into under this section is not appealable under section 4123.511 or 4123.512 of the Revised Code."

**{¶ 20}** Gibson argues that R.C. 4123.65 applies even where the workers' compensation proceedings have concluded at the administrative level and are

pending in the judicial branch. If Gibson's position is correct, and the procedural protections of R.C. 4123.65 apply to settlements implemented while an R.C. 4123.512 appeal is pending, then a self-insuring employer has an obligation to "immediately * * * send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer." R.C. 4123.65(D). Moreover, if the staff hearing officer thereafter determines that the settlement agreement is clearly unfair, the settlement agreement is deemed "not approved," and that decision, not being appealable pursuant to R.C. 4123.65(F), is final. Acceptance of Gibson's argument would thus allow an administrative staff hearing officer to conclusively disaffirm a judgment of the common pleas court implementing a settlement of a workers' compensation claim between a self-insuring employer and its employee.

{¶ 21} R.C. 4123.512 confers jurisdiction on courts of common pleas to be the final arbiters of disputes as to a worker's right to participate in the workers' compensation system, subject to appeal to the courts of appeals. Such an appeal to a common pleas court divests the Industrial Commission of continuing jurisdiction of a worker's claim. See *State ex rel. Rodriguez v. Indus. Comm.* (1993), 67 Ohio St.3d 210, 213, 616 N.E.2d 929, 931. I cannot accept the proposition that the General Assembly intended a staff hearing officer of the Industrial Commission to have power, in effect, to veto a settlement of a workers' compensation dispute reached while that dispute was subject to judicial supervision. This conclusion is reinforced where, as here, both parties were represented by counsel at the time the agreement was reached and the agreement is between a self-insuring employer and its employee, so that the agreement likely will have little, if any, effect on the integrity of the state workers' compensation insurance fund.

{¶ 22} Because I believe that R.C. 4123.65 contemplates only settlements executed during proceedings at the administrative level, I respectfully dissent.

8

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

_____

APPENDIX

{¶ 23} Former R.C. 4123.65 provides in its entirety:

"(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement provided that the agreement need not be signed by the employer if the employer is no longer doing business in Ohio. If a state fund employer or an employee of such an employer has not filed an application for a final settlement under this division, the administrator may file an application on behalf of the employer or the employee, provided that the administrator gives notice of the filing to the employer and the employee and to the representative of record of the employer and of the employee immediately upon the filing. An application filed by the administrator shall contain all of the information and signatures required of an employer or an employee who files an application under this division. Every self-insuring employer that enters into a final settlement agreement with an employee shall mail, within seven days of executing the agreement, a copy of the agreement to the administrator and the employee's representative. The administrator shall place the agreement into the claimant's file.

"(B) Except as provided in divisions (C) and (D) of this section, a settlement agreed to under this section is binding upon all parties thereto and as to items, injuries, and occupational diseases to which the settlement applies.

"(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and his employee shall take effect until thirty days after

9

the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw his consent to the settlement by an employer providing written notice to his employee and the administrator or by an employee providing written notice to his employer and the administrator, or by the administrator providing written notice to the state fund employer and employee.

"(D) At the time of agreement to any final settlement agreement under division (A) of this section or agreement between a self-insuring employer and his employee, the administrator, for state fund settlements, and the self-insuring employer, for self-insuring  settlements, immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer shall determine, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice. If the staff hearing officer determines within that time period that the settlement agreement is clearly unfair, the settlement agreement is deemed not approved. If the staff hearing officer determines that the settlement agreement is not clearly unfair or fails to act within those time limits, the settlement agreement is approved.

"(E) A settlement entered into under this section may pertain to one or more claims of a claimant, or one or more parts of a claim, or the compensation or benefits pertaining to either, or any combination thereof, provided that nothing in this section shall be interpreted to require a claimant to enter into a settlement agreement for every claim that has been filed with the bureau of workers' compensation by that claimant under Chapter 4121., 4123., 4127., or 4131. of the Revised Code.

"(F) A settlement entered into under this section is not appealable under section 4123.511 or 4123.512 of the Revised Code."