DECISION AND JOURNAL ENTRY
Appellant-defendant Richard W. Burgess appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.
On December 26, 1998, Burgess broke into the home of a then-eighty-seven-year-old female, physically abused her, and robbed her. As a result, the Lorain County Grand Jury issued an indictment against Burgess on January 6, 1999, that contained the following counts: one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), with an accompanying firearm specification; one count of kidnapping, a violation of R.C. 2905.01(A)(2), with an accompanying firearm specification; one count of aggravated robbery, a violation of R.C. 2911.01(A)(2), with an accompanying firearm specification; one count of theft, a violation of R.C.2913.02(A)(1), with an accompanying firearm specification; one count of having weapons while under disability, a violation of R.C. 2923.13(A)(2); one count of assault, a violation of R.C.2903.13(A); and one count of disrupting a public service, a violation of R.C. 2909.04(A)(1). Burgess initially pled not guilty to the charges against him, then subsequently changed his plea to guilty. On April 2, 1999, the trial court sentenced Burgess to concurrent sentences of ten years incarceration with an additional three years for each specification for the aggravated burglary, kidnapping, aggravated robbery, and theft charges; the specification sentences were prior to and consecutive to the other sentences imposed. Burgess received six months incarceration for each of the remaining charges.
Burgess timely appeals, asserting two assignments of errors.
 Assignment of Error No. I The trial court erred when it sentenced the Appellant to serve the maximum prison term authorized by law for the offense pleaded. Appellant appeals this maximum sentence as authorized by RC § 2953.08(A)(1)(b).
 In his first assignment of error, Burgess complained of the maximum sentence he received. At oral argument, however, counsel for Burgess conceded that the trial court had proceeded correctly and that no error existed in regard to Burgess's sentencing. Therefore, this Court need not address this assignment of error further. See State v. Beckett (Mar. 3, 2000), Lucas App. Nos. L-97-1073 and L-98-1272, unreported, appeal not allowed (2000), 89 Ohio St.3d 1426
(interpreting concession by appellant that an assigned error has no merit to mean that the assignment of error is withdrawn).
 Assignment of Error No. II Appellant further avers that without access to the full presentence investigation report unduly limits the advocates and deprives the appellant and appellant's counsel of the necessary tools to prosecute an effective appeal of the sentence as envisioned by RC § 2953.08.
 Burgess argues in his second assignment of error that, because his appellate counsel does not have access to the complete contents of a presentence investigation report, "[t]his raises a bar to effective representation of appellant by counsel who does not have available to him or her all the information available to the Trial Court in deciding to impose the sentence the appellate counsel is bound to vigorously appeal." This argument is not well taken.
By conceding that the trial court did not err in conducting his sentencing and that the first assignment of error is without merit, Burgess has rendered this second assignment of error moot. If, as Burgess has conceded, he has no complaint about his sentencing, then it necessarily follows that any complaint concerning the use of the presentence investigation report insofar as it relates to the sentencing itself is subsumed in his lack of complaint — and therefore is also withdrawn. Even if the assigned error were not withdrawn, this Court's review of the transcript of the April 2, 1999 sentencing hearing reveals that Burgess never raised the issue of nondisclosure of the entirety of the presentence investigation report in the trial court.[1] An appellate court need not address such an argument if it was not raised in the trial court. See, e.g., Gibson v. Meadow GoldDairy (2000), 88 Ohio St.3d 201, 204. See, also, State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 170, quoting State v.Awan (1986), 22 Ohio St.3d 120, 122-123. Accordingly, this Court declines to address the issue, other than to note in passing that there is no statutory right to the entire contents of a presentence investigation report. See R.C. 2951.03(B)(1) and (D)(1).
Further, Burgess' appellate counsel has never sought leave from this Court to review the entirety of the presentence investigation report, nor has he even moved to supplement the record with said report. As such, Burgess attempts to complain that he has been prejudiced by not being able to do something that he has not even attempted to do; the assigned "error" never occurred.[2] Burgess does not explain why such speculative error would entitle him to be resentenced to the minimum term of incarceration for a first-degree felony, which is the relief he has requested. This Court explained in State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported, that "an appellate court is not in the business of representing complaining parties. Rather, this Court is charged with the duty of resolving assignments of error, not writing them." This duty implicitly includes a disinclination on the part of this Court to fashion an argument supporting a requested remedy where the party seeking relief has failed to present a rationale justifying the relief sought.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR.
[1] The transcript indicates that such matters were not even hinted at. After the trial court explicitly noted that "[t]he presentence report has been prepared, filed, and made available for review," Burgess' trial counsel noted that the report "accurately reflects the circumstances" behind the charges, indicating that he had reviewed at least relevant portions of the report. The trial court also referenced other information in the report and summarized that information for Burgess. Any lack of disclosure was not at issue.
[2] This Court further notes that it is less than clear whether Burgess may even properly assert his attack on R.C. 2951.03 on direct appeal of his sentence. Burgess in effect asks this Court to hold the nondisclosure aspects of R.C. 2951.03 invalid because of their affect on appellate counsel. This is an attack on the statute itself because of its purported adverse impact on his ability to conduct an efficient appeal; such an attack on the perceived unfairness of the proceedings on appeal does not, however, in any readily apparent way reflect upon the fairness of the proceedings below. Burgess does not explain why his appellate counsel's not having reviewed the entirety of the presentence investigation report renders his sentencing below deficient — and it is the proceedings below that this Court is charged with reviewing on appeal.