OPINION.
Plaintiff-appellant Bernard Bedinghaus appeals from the order of the trial court granting summary judgment in favor of defendant-appellee Bureau of Workers' Compensation. For the following reasons, we affirm the trial court's judgment.
 1. Background
This case involves three workers' compensation claims filed by Bedinghaus. The first and second claims arose from injuries sustained on two different occasions while Bedinghaus was employed at Busken Bakery, Inc. The first claim was for an injury sustained on December 15, 1992, and was assigned the number 92-87341. The second claim, numbered 92-78208, stemmed from an incident that occurred ten days later on December 25, 1992. The second claim concerned injuries to Bedinghaus's left leg and knee.
The third claim involved further injuries to the left leg and knee, which, Bedinghaus alleged, resulted from his rehabilitation following surgery related to the claim numbered 92-78208. It was assigned the number RL1207. Pursuant to R.C. 4121.68, the Bureau of Workers' Compensation was the "employer" for purposes of the rehabilitation claim. In all three claims, the employer was covered under the State Insurance Fund.
The rehabilitation claim was denied administratively, and Bedinghaus appealed to the common pleas court under the number A-9405722. The claim numbered 92-78208 was allowed, but Bedinghaus then filed a motion for additional medical conditions. When that motion was denied, Bedinghaus appealed to the common pleas court under the number A-9405723, pursuant to R.C. 4123.512. The two appeals were consolidated and later voluntarily dismissed by Bedinghaus.
Eventually, the consolidated appeals were refiled under the number A-9704215. Before trial, Bedinghaus and the Bureau of Workers' Compensation entered into a "Final Settlement Agreement and Release," under which the bureau, in return for the dismissal of the appeals, awarded Bedinghaus $30,000. By this time, Busken Bakery had withdrawn from the case, indicating to the trial court that it would no longer take an active role in the proceedings.
After the dismissal, Bedinghaus filed separate applications for permanent partial disability for the claims numbered 92-78208 and 92-87341. Both applications were denied by the bureau and by the Industrial Commission on the basis of the earlier settlement agreement. When Bedinghaus appealed to the court of common pleas pursuant to R.C.4123.512, both he and the bureau filed motions for summary judgment. The court granted summary judgment in favor of the bureau, ruling that the settlement agreement had released all of Bedinghaus's claims relating to the Busken Bakery injuries, including his claims for disability benefits.
 2. Assignment of Error
In a single assignment of error, Bedinghaus claims that the trial court erred in granting summary judgment to the bureau. A summary-judgment motion is appropriately granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated, and that reasonable minds can only come to a conclusion that is adverse to the party opposing the motion. Civ.R. 56(C). Appellate review of summary judgment is de novo. See Wille v. Hunkar Laboratories, Inc. (1998), 132 Ohio App.3d 92,724 N.E.2d 492, discretionary appeal not allowed (1999),85 Ohio St.3d 1480, 709 N.E.2d 851.
According to Bedinghaus, the trial court should have granted summary judgment in his favor because the settlement agreement encompassed only the rehabilitation claim and not the two claims that preceded it. Furthermore, he argues, the settlement agreement did not comport with R.C. 4123.65 in that the bureau did not give the requisite notice to the employer and the agreement was not signed by the employer. We disagree.
R.C. 4123.65 states in pertinent part,
 (A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. * * * If a state fund employer or an employee of such an employer has not filed an application for a final settlement under this division, the administrator may file an application on behalf of the employer or the employee, provided that the administrator gives notice of the filing to the employer and the employee * * * immediately upon the filing. * * * Every self-insuring employer that enters into a final settlement agreement with an employee shall mail, within seven days of executing the agreement, a copy of the agreement to the administrator and the employee's representative. The administrator shall place the agreement into the claimant's file.
* * *
 (F) A settlement entered into under this section is not appealable under
section 4123.511 or 4123.512 of the Revised Code.
 All settlements involving self-insured employers are subject to the requirements of R.C. 4123.65, regardless of whether the settlement is reached while the claim is still at the administrative level or on appeal to a common pleas court under R.C. 4123.512. See Gibson v. Meadow Gold Dairy (2000), 88 Ohio St.3d 201, 204, 724 N.E.2d 787, 790. But not all state-fund settlements are subject to the requirements of R.C. 4123.65. In state-fund claims, the employer, the employee, or the administrator "may" file for settlement approval under the statute, but they are not required to do so. See R.C. 4123.65(A). In Gibson, supra, the Ohio Supreme Court noted the statute's clear distinction between self-insured employers and state-fund employers:
 Settlements involving state-fund employers are referred to in the statute with different language. For example, the statute applies to "every" self-insured settlement, but does not have corresponding language encompassing "every" state-fund settlement.
 The court held that a trial court could not enforce an oral settlement agreement between a self-insured employer and its employee where the employee had refused to sign the settlement paperwork:
 Though the general rule is that a trial court may enforce a settlement that was agreed to by the parties in the presence of the court, regardless of whether it had been reduced to writing, [citations omitted], that general rule is directed at settlements that affect only the interests of the parties before the court. But settlement of workers' compensation cases necessarily affects the interests of the workers' compensation system itself. Thus, R.C. 4123.65 allows thirty days for administrative review to protect those interests.
But while the administrative-review requirements provided by R.C. 4123.65
apply to all self-insured claims, the requirements do not apply to every state-fund settlement. The statute's administrative review may be necessary to protect the interests of the workers' compensation system in the settlement of all cases involving self-insured employers, but this review is not necessary in all state-fund settlements. See R.C.4123.65(A). In the settlement of state-fund cases on appeal to a common pleas court, the interests of the workers' compensation system are represented by the bureau. Thus, R.C. 4123.65 does not apply to state-fund judicial settlements arising from an appeal under R.C. 4123.512. See Macek v. Damon Baird Excavating (Dec. 21, 1999), Columbiana App. No. 99-CO-6, unreported.
In this case, the settlement agreement lists only the claim numbered RL1207 and not the claims numbered 92-78208 and 92-87341. Bedinghaus argues that, because only one claim number was listed, the agreement did not include his other two claims. He also argues that the claim numbered 92-87341 was not part of the settlement agreement because that claim was not part of the consolidated appeals settled under the case numbered A-9704215.
The settlement agreement, in pertinent part, stated the following:
 (2) That [the award of $30,000] will be accepted by Plaintiff/Claimant in full and complete satisfaction and settlement of the cause of action herein involved, and in full and complete satisfaction of any and all claims, demands, or causes of action which Plaintiff/Claimant has, or claims to have, or may in the future have, or claim to have, against the Defendants in the above-captioned action, for injuries and/or occupational disease(s), whether known or unknown at the time of the execution of this agreement, and for disability, loss or impairment of earning capacity, past, present or future, arising from, or out of, or in any way connected with, or having to do with, any injury and/or occupational disease(s) claimed to have been sustained, contracted, or diagnosed while Plaintiff/Claimant was an employee of the Defendant/Employer * * *; and in full, complete and final satisfaction and settlement of Ohio Workers' Compensation Claim No. RL1207, and/or any other numbered claim or claims, which Plaintiff/Claimant might or could have filed with the Industrial Commission of Ohio, with the Ohio Bureau of Workers' Compensation and/or the Administrator thereof, or with or against the within named Defendant/Employer. * * * Except for the terms, if any, listed in paragraphs four (4) and/or five (5) which follow, the parties to this agreement expressly intend that all claims for work-related injury and/or occupational disease(s) be forever relinquished and discharged.
* * *
 (4) The parties further agree that the following claims(s) or items shall be excluded from the terms of the agreement: (WRITE NONE IF NO EXCLUSIONS): None.
On a similar set of facts, this court has previously concluded that such a settlement agreement extinguished all claims for injury that the claimant had or could have filed in connection with the claimant's employment with a particular employer. See Myers v. Industrial Comm. ofOhio (Sept. 21, 1988), Hamilton App. No. C-870819, unreported. InMyers, the claimant appealed the industrial commission's denial of benefits to the court of common pleas. While the appeal was pending, the claimant filed a second claim after he suffered another injury while working for the same employer. The claimant settled the first claim by an agreement worded almost exactly like the one in the present case. He later filed an application for permanent partial disability under the second claim, which the industrial commission denied. On appeal, the trial court granted the employer's motion for summary judgment on the basis of the settlement agreement. This court affirmed the decision, holding that the terms of the settlement agreement were not ambiguous and that it settled both claims, even though only one claim number was specifically listed in the agreement. The Ninth Appellate District has recently reached the same conclusion in Inchaurregui v. Ford Motor Co. (June 7, 2000), Lorain App. No. 98CA007187, unreported, discretionary appeal not allowed (2000), 90 Ohio St.3d 1431, 736 N.E.2d 27.
In this case, there is no dispute that Bedinghaus executed the settlement agreement and release. "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." Continental West Condominium Unit Owners Assn. v.Ferguson (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431, 432. Further, settlement agreements are highly favored in the law. Id., citing State exrel. Wright v. Weyandt (1977), 50 Ohio St.2d 194, 363 N.E.2d 1387.
If no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to create an ambiguity. See Shifrin v.Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499,501. The terms of the settlement agreement in this case are not ambiguous. Bedinghaus accepted the $30,000 award in final settlement of the claim numbered RL1207 "and/or any other numbered claim or claims, which Plaintiff/Claimant might or could have filed" for work-related injuries at Busken Bakery. The settlement agreement specifically provided that no other claims would be excluded from the agreement.
Therefore, we hold that the trial court properly granted summary judgment in favor of the bureau because (1) R.C. 4123.65 does not apply to the settlement of a workers' compensation appeal pursuant to R.C.4123.512, where the employer is covered by the State Insurance Fund; and (2) the settlement agreement and release was unambiguous and applied to all three of Bedinghaus's claims. Bedinghaus's assignment of error is overruled, and the judgment of the trial court is affirmed.
Painter, P.J., and Sundermann, J., concur.
 ____________________ Winkler, Judge.