OPINION
Appellee, Steven Jones, was employed by appellant, Action Coupling 
Equipment, Inc. While at work on December 20, 1999, appellee "felt a pop" and sustained injuries to his lower back. Thereafter, appellee filed a workers' compensation claim, Claim No. 99-599781. Appellant contested the claim.
On April 27, 2000, a staff hearing officer of the Industrial Commission of Ohio allowed appellee's claim for lumbosacral sprain/strain; aggravation of degenerative disc disease and bulging disc at L3-4 and L4-5 levels. Appellee was awarded temporary total disability compensation.
Appellant's appeal to the Industrial Commission was refused by order dated May 17, 2000. On June 8, 2000, appellant filed an appeal with the Court of Common Pleas of Holmes County, Ohio. Appellee filed a complaint on June 26, 2000 supporting his right to participate. Because appellant was a state fund employer, the Administrator, for the Bureau of Workers' Compensation did not participate in the case. A trial was scheduled for March 20, 2001. Prior to trial, on March 16, 2001, the parties reached a tentative settlement and filed a dismissal entry.
Prior to signing the proposed written settlement agreement, appellant withdrew its consent to said agreement. On April 20, 2001, appellant filed a motion for relief from judgment to vacate the dismissal entry. On May 8, 2001, appellee filed a brief in opposition and a motion to enforce the settlement. By journal entry filed May 23, 2001, the trial court denied appellant's motion for relief from judgment and granted appellee's motion to enforce the settlement.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN CONSTRUING THE DISMISSAL ENTRY FILED ON MARCH 16, 2001 AS CONSTITUTING AND BEING EQUIVALENT TO A SETTLEMENT AGREEMENT AS SET FORTH IN OHIO REVISED CODE SECTION 4123.65 AND LACKED JURISDICTION TO ENFORCE A PURPORTED SETTLEMENT AGREEMENT WHICH DID NOT COMPLY WITH THE REQUIREMENTS FOR THE APPROVAL OF A SETTLEMENT AGREEMENT MANDATED IN OHIO REVISED CODE SECTION 4123.65.
 II THE TRIAL COURT ERRED IN ITS RULING THAT DEFENDANT-APPELLANT, ACTION COUPLING EQUIPMENT, INC., FAILED TO TIMELY FILE ITS MOTION FOR RELIEF FROM JUDGMENT AND FAILED TO TIMELY PROVIDE NOTICE THAT IT HAD WITHDRAWN ITS CONSENT TO THE PROPOSED SETTLEMENT AGREEMENT.
Administrator, Bureau of Workers' Compensation filed a cross-appeal on June 22, 2001. The cross-assignment of error is as follows:
 CROSS-ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED WHEN IT INDICATED THAT R.C. 4123.65(C) IS APPLICABLE TO THE SETTLEMENT OF A STATE FUND CLAIM IN THE COURSE OF A R.C. 4123.512 APPEAL.
 I, II, CROSS-ASSIGNMENT OF ERROR I
Appellant claims the trial court erred in denying its motion for relief from judgment. We agree.
The basis of appellant's motion and the gravamen of this appeal is the interpretation of R.C. 4123.65 as it applies to state fund employers. By journal entry filed May 23, 2001, the trial court found the joint dismissal entry filed on March 16, 2001 served as the "settlement agreement" for purposes of R.C. 4123.65 and triggered the thirty day time limitation for withdrawal of approval by appellant. The trial court denied the motion from relief from judgment finding said motion was filed on April 19, 2001, outside the thirty day rule.
It is appellant's position that the statute as it relates to the thirty day approval applies to state fund employers and the dismissal entry of March 16, 2001 does not constitute the settlement entry of the case.
The first question posed sub judice is whether the March 16, 2001 dismissal entry is a "settlement agreement" under R.C. 4123.65. We answer in the negative for the following reasons.
The dismissal entry states "[t]his case is settled and dismissed with prejudice by agreement of the parties; no record; costs to be paid by the Defendant, Action Coupling Equipment, Inc." The attorneys for the parties signed the entry as "approved."[1]
R.C. 4123.65 speaks of filing "an application with the administrator of workers' compensation for approval of a final settlement claim * * *. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement * * *." The dismissal entry of March 16, 2001 is not a settlement agreement because it does not "set forth the circumstances by reason of which the proposed settlement is deemed desirable."
In Gibson v. Meadow Gold Dairy (2000), 88 Ohio St.3d 201, the Supreme Court of Ohio found R.C. 4123.65 to apply to cases appealed to the common pleas court under a .512 appeal. In describing R.C. 4123.65, Justice Cook found its purpose is to regulate "the settlement of workers' compensation claims by providing for administrative review to protect against settlements that are `clearly unfair' or that constitute `gross miscarriage[s] of justice.'" Gibson at 202.
The dismissal entry does not read as a R.C. 4123.65 entry nor does it purport to provide an administrative review of the settlement agreement. We find the trial court erred in determining that the March 16, 2001 dismissal entry was a R.C. 4123.65 settlement agreement. In doing so, the trial court improperly found the motion for relief from judgment to be outside the thirty day "cooling off" period.
The next question posed by the facts sub judice is whether R.C. 4123.65
applies to all settlements reached on workers' compensation claims for state fund and self-insured employees.
In Gibson, supra, by split decision the Supreme Court found R.C.4123.65 applies to all settlements involving self-insured employers, but declined to give an advisory opinion as to whether it applied to state fund employers:
 The necessary holding of the court of appeals below, excluding dicta, was that, pursuant to R.C. 4123.65, settlements of claims against self-insured employers reached during the pendency of a .512 appeal are not binding until a final settlement agreement is signed by the parties and thirty days have passed thereafter. Our decision today affirms that limited holding and does not address the enforceability of oral settlements involving state-fund employers.
The Gibson court at 203 pointed out that the statute distinguished self-insured employers from state fund employers: "(s)ettlements involving state-fund employers are referred to in the statute with different language. For example, the statute applies to `every' self-insured settlement, but does not have corresponding language encompassing `every' state-fund settlement."
R.C. 4123.65(A), in permissive as opposed to mandatory language, states a state fund employer "may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter." (Emphasis added.) In R.C. 4123.65(C), the legislative provided for a thirty day "cooling off" period:
 No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees and employers, or after the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw consent to the settlement by an employer providing written notice to the employer's employee and the administrator or by an employee providing written notice to the employee's employer and the administrator, or by the administrator providing written notice to the state fund employer and employee.
In our view, a comprehensive reading of R.C. 4123.65(A) implies that every settlement agreement in the workers' compensation framework must be done in writing by application to the administrator. If a state fund employer or employee does not so initiate the agreement, the administrator may file the application. We conclude all settlements are controlled by R.C. 4123.65(A) and (C) because of the provisions in subsection (A) that provide the fail-safe provision for the administrator to file the settlement agreement.
We predicate this decision on the statutory framework embodied by the state legislature in Chapter 4123 et seq. Under the statute controlling the appeal to the court of common pleas (as was the case herein) the entrance of a verdict on the record is not the end of the case. In R.C.4123.512(E), the trial court must certify its verdict to the Industrial Commission. It is the Industrial Commission that assesses the cost of attorney fees for the claimant's attorney to the employer and charges the amounts paid to a disallowed claimant to the surplus fund for state fund employer. See, R.C. 4123.512(F) and (H).
The entire statutory scheme is referenced around the authority of the administrator of the system. It is up to the administrator to assess fees, grant set-offs to the surplus fund and control the payment of settlements and verdicts. In fact, R.C. 4123.52 acknowledges the continuing jurisdiction of the commissioner and administrator despite any appeal to the judiciary.
Based upon the above considerations, we find R.C. 4123.63(C) applies to state fund employers. Appellant herein was entitled to relief from judgment because a settlement agreement had not been finalized and the thirty day "cooling off" period had not lapsed.
Assignments of Error I and II are granted. The cross-assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is reversed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] The Assistant Attorney General for the Administrator, Bureau of Workers' Compensation signed by "telephone authorization."