[Cite as *Burke v. Wal-Mart Stores, Inc.*, 2017-Ohio-1104.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN BURKE, JR., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-L-024** |
| WAL-MART STORES, INC., et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2013 CV 001323.

Judgment: Affirmed.

*Jerald A. Schneiberg*, *Daniel A. Kirschner*, and *Jennifer L. Lawther*, Nager, Romaine & Schneiberg Co., L.P.A., 27730 Euclid Avenue, Cleveland, OH 44132 (For Plaintiff-Appellant).

*Douglas E. Spiker*, *Timothy J. Webster*, *Robert E. Blackham*, and *Nathan J. Pangrace*, Roetzel & Andress, LPA, One Cleveland Center, 1375 Ninth Street, 10th Floor, Cleveland, OH 44114 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} Appellant, John Burke, Jr., appeals from the February 16, 2016 judgment of the Lake County Court of Common Pleas, denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} On May 23, 2007, appellant fell while working as a bakery team leader for appellee, Wal-Mart Stores, Inc. A workers' compensation claim was allowed for

physical injuries suffered as a result of the fall: right wrist distal fracture; lumbar strain/sprain; cervical strain/sprain; and a herniated disc.

{¶3} On July 31, 2012, appellant filed a complaint with the Industrial Commission, seeking additional compensation for the "substantial aggravation of a pre-existing major depressive disorder, recurrent, moderate." The matter was heard by a District Hearing Officer on November 29, 2012. An order disallowing the claim was issued, finding appellant's depression was not causally related to the initial injuries he sustained on May 23, 2007.

{¶4} Appellant appealed from the November 29, 2012 hearing order. The appeal was heard by a Staff Hearing Officer on March 14, 2013. An order was issued, vacating the November 29, 2012 hearing order and allowing appellant's claim. The Industrial Commission refused appellee's request for an appeal in an April 9, 2013 order.

{¶5} On June 14, 2013, appellee, pursuant to R.C. 4123.512, initiated an administrative appeal of the Industrial Commission's April 9, 2013 order in the Lake County Court of Common Pleas.

{¶6} On July 9, 2013, appellant filed a complaint, requesting that his claim for depression be allowed. Appellee filed an answer on July 22, 2013. The Bureau of Workers' Compensation filed its answer on July 26, 2013.

{¶7} Thereafter, the parties entered into a tentative settlement agreement. Appellant filed a motion to enforce settlement on April 28, 2014, stating the parties had agreed to a settlement at a January 30, 2014 settlement conference, with appellee agreeing to pay $100,000 and fund a Medicare Set-Aside.

2

{¶8} On May 8, 2014, appellee filed an opposition to appellant's motion to enforce settlement. It argued the settlement was unenforceable because it was not reduced to writing and because appellant fraudulently induced appellee to enter into the settlement by misrepresenting appellant's injuries and inability to work. These allegations were based on e-mails sent to appellee from an anonymous family member of appellant, who claimed appellant did not appear depressed and was able to perform a variety of physical activities. The e-mails included photographs of appellant and his posts from Facebook.

{¶9} The trial court filed a judgment entry on August 29, 2014, denying appellant's motion to enforce settlement because it was not reduced to writing or signed by the parties.

{¶10} The parties then entered into a new settlement agreement, which was reduced to writing in the form of a Confidential Separation and Release Agreement. On November 21, 2014, an agreed judgment entry, signed by the judge and the parties' attorneys, was filed. It states the following: "It is the judgment of this Court that the Ohio Bureau of Workers Compensation Claim No. 07-834030 is hereby denied for the condition major depressive disorder, recurrent, moderate."

{¶11} Appellee submitted the agreed judgment entry to the Industrial Commission in lieu of the confidential settlement agreement. Appellee included a cover letter, dated November 19, 2014, explaining that the agreed judgment entry "terminated claimant's ongoing Temporary Total Disability compensation since said compensation was based upon the now denied psychological condition." Appellant was aware, by notice to his attorney, that appellee submitted the agreed judgment entry to the

3

Industrial Commission in lieu of the confidential settlement agreement. Neither appellant nor his counsel objected or otherwise opposed sending the agreed judgment entry and the cover letter in lieu of the confidential settlement agreement.

{¶12} On May 14, 2015, the Industrial Commission Court Section sent a memo to the Bureau of Workers' Compensation Claims Representative, stating: "[t]he court has decided that the claimant cannot participate in the Workers' Compensation Fund for: Major Depressive Disorder, Recurrent, Moderate"; the claim was disallowed for "Major Depressive Disorder, Recurrent, Moderate"; and the court order should be implemented and the records updated accordingly.

{¶13} On November 18, 2015, appellant filed a Civ.R. 60(B) motion for relief from judgment. Appellant argued the November 21, 2014 agreed judgment entry preventing appellant from recovering workers' compensation for aggravation of his depression should be invalidated pursuant to Civ.R. 60(B)(1) and (5) because the settlement agreement had not been filed with the Bureau of Workers' Compensation/Industrial Commission, as required by R.C. 4123.65. Appellee filed a brief in opposition on December 2, 2015, in which it argued it had satisfied the requirement by submitting the agreed judgment entry.

{¶14} On February 16, 2016, the trial court issued a judgment entry denying appellant's motion for relief from judgment. The court found the agreed judgment entry was "accepted by the Industrial Commission," noting appellant did not cite case law to support his assertion that the matter was not settled because the agreed judgment entry was submitted rather than the confidential settlement agreement.

4

**{¶15}** Appellant timely appeals from the February 16, 2016 judgment and raises the following assignment of error:

**{¶16}** "The trial court erred in denying Plaintiff-Appellant's 60(B) Motion to Vacate the Journal Entry of November 21, 2014."

**{¶17}** To prevail on a Civ.R. 60(B) motion, the movant must demonstrate the following:

> (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶18}** Generally, we review the trial court's denial of a Civ.R. 60(B) motion to vacate a final judgment for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). If there is an error in the application of the law, however, we review the matter de novo. *See, e.g., Deutsche Bank Natl. Trust Co. v. Finney*, 10th Dist. Franklin Nos. 13AP-198 & 13AP-373, 2013-Ohio-4884, ¶14 (citation omitted).

**{¶19}** In its February 16, 2016 judgment entry, the trial court stated appellant provided no case law in support of his position, and therefore he failed to present a meritorious claim or defense. The issue before us is whether the failure of the parties to submit the confidential settlement agreement to the Industrial Commission renders the agreed judgment entry void, as claimed by appellant. Under the facts and circumstances of this case, we hold it does not.

5

{¶20} Appellant argues appellee was required to submit the confidential settlement agreement to the Industrial Commission because administrative review of settlement agreements is a "vital part of the self insured settlement process," as settlement of workers' compensation cases affects the interests of the workers' compensation system itself.

{¶21} R.C. 4123.65(A) provides that "[e]very self-insuring employer that enters into a final settlement agreement with an employee shall mail, within seven days of executing the agreement, a copy of the agreement to the administrator [of workers' compensation] and the employee's representative." Under R.C. 4123.65(D), "the administrator, for state fund settlements, and the self-insuring employer, for self-insuring settlements, immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer."

> The staff hearing officer shall determine, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice. If the staff hearing officer determines within that time period that the settlement agreement is clearly unfair, the staff hearing officer shall issue an order disapproving the settlement agreement. *If the staff hearing officer determines that the settlement agreement is not clearly unfair or fails to act within those time limits, the settlement agreement is approved.*

*Id.* (emphasis added). R.C. 4123.65(C) states:

> No settlement agreed to under division (A) of this section *or* agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect *until thirty days after the administrator approves the settlement for state fund employees and employers*, or *after the self-insuring employer and employee sign the final settlement agreement.* During the thirty-day period, the employer, employee, or administrator, for state fund settlements, and the employer or employee, for self-insuring settlements, may withdraw consent to the settlement[.] [Emphasis added.]

{¶22} R.C. 4123.65(C) provides two different time limitations for withdrawing consent to a settlement agreement. For settlement agreements under R.C. 4123.65(A) between state fund employees and employers, the time to withdraw consent is 30 days after the administrator approves the settlement. For self-insuring employers and employees, as in the present case, it is 30 days after the employer and employee sign the final settlement agreement. Appellant contends that because the settlement agreement was not submitted, it could not be approved, and the 30-day period to withdraw consent under R.C. 4123.65(C) was never initiated. Appellant maintains that, therefore, he was not afforded his statutory right to withdraw his consent to the agreement. However, the statute does not provide for such a result for an employee of a self-insuring employer.

{¶23} Where a settlement is agreed to by a self-insuring employer and its employee, the review by the staff hearing officer is for the protection of the parties to the agreement—both the self-insuring employer and its employee. On the other hand, if the employer is a state fund employer, the review is additionally for the protection of the Industrial Commission, as "settlement of workers' compensation cases necessarily affects the interests of the workers' compensation system itself." *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 203 (2000).

{¶24} In the present case, involving a self-insuring employer, the workers' compensation system could approve the settlement without concern that the system would be adversely affected because the agreed judgment entry indicated the parties agreed the claim was to be disallowed. The staff hearing officer was obviously satisfied

7

with the information provided to the Industrial Commission and determined that information justified approving the agreed disallowance of the claim.

{¶25} Appellant cites to *Gibson* to support his position. *Gibson* addressed an employer's attempt to enforce an oral settlement agreement in the trial court when the employee subsequently refused to sign a stipulation of settlement and release and, thereby, withdrew his consent to the settlement agreement. The Ohio Supreme Court noted that, although a trial court may generally enforce an oral settlement agreement that was agreed to by the parties in the presence of the court, settlement of workers' compensation cases are an exception because those settlements affect "the interests of the workers' compensation system itself." *Id.* at 203. Therefore, the Court held that "settlements of workers' compensation claims against self-insured employers [must] be in writing and not be effective for thirty days after signing[.]" *Id.* at 204. The oral settlement never legally bound the employee and could not be enforced because he had not signed an agreement. *Id.* at 203. Here, however, there are no such concerns. The settlement agreement between appellee and appellant was in a signed writing, approved by counsel for both parties, the 30-day period to withdraw consent had long expired, and the Industrial Commission was aware the parties had agreed the claim was disallowed.

{¶26} The *Gibson* case further addressed the distinction between a state funded settlement and a settlement with a self-insured employer. It stated:

> In reaching its decision, the court of appeals stated that R.C. 4123.65 applies to all settlements of workers' compensation claims. The administrator has asked us to rule that, as to employers insured by the State Insurance Fund, the statute applies only to settlements at the administrative level, not to settlements reached during an appeal under R.C. 4123.512. We do not address this

8

issue because it is not properly before us in this case. Settlements involving state-fund employers are referred to in the statute with different language. * * *

The necessary holding of the court of appeals below, excluding dicta, was that, pursuant to R.C. 4123.65, settlements of claims against self-insured employers reached during the pendency of a .512 appeal are not binding until a final settlement agreement is signed by the parties and thirty days have passed thereafter. Our decision today affirms that limited holding * * *.

*Id.* at 203-204.

{¶27} The decision of the trial court is consistent with the holding in *Gibson*. Appellant had 30 days from November 19, 2014, to withdraw his consent to the settlement agreement. Appellant also had ample opportunity to object or otherwise oppose sending the agreed judgment entry and cover letter to the Industrial Commission in place of the agreement, but he did not do so. Therefore, the confidential agreement was final as between appellee, the self-insuring employer, and appellant, its employee, 30 days after the settlement, as neither chose to withdraw consent.

{¶28} If the position of appellant is correct, there would be *no* case where a self-insuring employer and its employee could *ever* enter into a confidential settlement agreement that would result in an approved settlement of the claim. Appellant's counsel agreed at oral argument that providing the settlement agreement to the Industrial Commission for approval would have violated the terms of the agreement. Further, appellant invited any claimed error by entering into a *confidential* settlement agreement. The law does not condone inviting error, and we must promote the need for finality of these claims.

9

{¶29} The agreed judgment entry was not rendered void by the parties' failure to submit the confidential settlement agreement to the Industrial Commission. Appellant has not presented a meritorious claim or defense under Civ.R. 60(B)(1).

{¶30} While not dispositive of this appeal, it is worthy of note that with regard to the third prong in the Civ.R. 60(B) analysis, appellant offered no reason as to why he waited almost a year after the judgment to request that it be vacated. The trial court stated the motion was "deemed timely pursuant to *GTE*," apparently because it was filed within one year. The trial court did not, however, indicate whether the motion was filed within a "reasonable time." A Civ.R. 60(B) motion is not "deemed timely" simply because it is filed within one year.

{¶31} As stated in the Civ.R. 60(B) staff notes,

> [s]everal words of caution concerning the operation of the five provisions for vacation of judgments under Rule 60(B) should be added. The rule provides that the motion for vacation of judgment "shall be made within a reasonable time..." The quoted language applies to all of the five grounds for vacation. Thus a party has the possible right to bring a motion to vacate the judgment on the grounds of newly discovered evidence up to one year after entry of judgment, but the motion is also subject to the "reasonable time" provision. Hence if the newly discovered evidence was discovered one month after entry of judgment and a party might have made his motion at that time but waited until the last day before the year was up, the court in its discretion might hold that the motion was brought too late because although made within one year not made within a "reasonable time." For newly discovered evidence, for example, the outside limit is one year--or a shorter "reasonable time."
>
> The operation of the fifth provision for vacation of a judgment under Rule 60(B)--"any other reason justifying relief from the judgment"-- has been given very sparing application by the federal courts under the similar federal rule provision. The federal courts have held that the provision may not be used as a substitute for one of the first three grounds for vacation of a judgment after the one-year limitation has run on one of the first three grounds.

10

{¶32} The commentary indicates that, although the time *limit* for filing a Civ.R. 60(B) motion to vacate under subsections (1), (2), or (3) is one year, the threshold determination that should be made by the trial court is whether the motion was filed within a *reasonable* amount of time.

{¶33} Here, appellant knew the agreed judgment entry disallowing the claim and an explanation of its effect was sent to the Industrial Commission for approval on November 19, 2014. However, he did not file his motion to vacate until November 18, 2015. Appellant provided *no reason or explanation* that would justify this delay or why filing a year later should be considered a "reasonable time." It is possible appellant simply changed his mind almost one year after the settlement was achieved.

{¶34} It was not error for the trial court to deny appellant's Civ.R. 60(B) motion. Appellant's sole assignment of error is without merit.

{¶35} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.


_____


DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶36} I dissent from the majority's decision to affirm the denial of Burke's Civ.R. 60(B) motion. Since Wal-Mart failed to submit the parties' settlement agreement to the Industrial Commission for approval, it is imperative that this ruling be reversed to

11

preserve the process set forth in R.C. 4123.65(D) and protect the validity of the workers' compensation system.

{¶37} R.C. 4123.65(D) requires that, following the execution of a settlement agreement between a self-insuring employer and employee, the employer "immediately *shall send a copy of the agreement* to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer *shall determine*, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice." (Emphasis added.) The officer shall "issue an order disapproving the settlement agreement" if it is "clearly unfair." *Id.* It is evident from the record that this process was not followed, as a copy of the settlement agreement was never submitted to the Industrial Commission by Wal-Mart. Failure to satisfy this statutory requirement renders the matter unsettled by the parties.

{¶38} Wal-Mart's claim that submission of the Agreed Judgment Entry was sufficient to satisfy the requirements of R.C. 4123.65 is not supported by the facts or statutory language. R.C. 4123.65(D) does not state that confidential settlement agreements should not be submitted, nor does it allow other documents to be submitted in the place of an agreement. The majority's conclusion that Burke invited the error by entering a confidential settlement agreement is contrary to the plain language of the statute, which makes no distinction between regular and confidential agreements. This court cannot create an exception where one does not exist in the statute.

{¶39} Even presuming that the parties' had agreed the settlement could not be submitted to the Industrial Commission, such an agreement would impermissibly avoid the statutory requirements. Courts have held, in a variety of cases, that parties cannot

12

"contract away" statutory obligations. *See Van Kan v. Mattheus*, 11th Dist. Geauga No. 98-G-2139, 1999 WL 476139, 5 (June 30, 1999) (a parent cannot contract away a child's right to receive, and a parent's obligation to pay, support); *Wilson v. Dixon*, 73 Ohio App.3d 706, 709, 598 N.E.2d 158 (8th Dist.1991) (allowing the parties to create an exception to the statutory framework for garnishments would impermissibly "permit the individuals to contract away and override the laws created by the General Assembly").

{¶40} This principle is especially applicable here, given the Supreme Court's mandate that "the requirements of R.C. 4123.65 demand strict compliance." *State ex rel. Wise v. Ryan*, 118 Ohio St.3d 68, 2008-Ohio-1740, 886 N.E.2d 193, ¶ 24. To rule otherwise would eviscerate the purpose of R.C. 4123.65. This creates a slippery slope whereby parties could include contractual terms avoiding compliance with clear statutory mandates.

{¶41} Importantly, the process that occurred in submitting only the Judgment Entry to the Industrial Commission creates serious concerns regarding whether the settlement of the parties was ever truly reviewed or approved by the Industrial Commission. The documents submitted by Wal-Mart with its opposition to the 60(B) Motion show it sent a letter to the Industrial Commission. The letter stated the following: "Please find enclosed a copy of the Agreed Judgment Entry filed with the Lake County Court of Common Pleas concerning the above-referenced claim. As you can see, this claim is hereby denied for the condition of major depressive disorder, recurrent, moderate."

{¶42} The letter does not mention that a settlement agreement was reached between the parties, states the claim was denied, and does not request approval of a

13

settlement or otherwise indicate that a settlement existed. It does not comply with the mandate of R.C. 4123.65(D). It is also possible that it, unintentionally or otherwise, misled the Industrial Commission.

{¶43} A copy of an Industrial Commission memo provided by Wal-Mart, the only apparent response to the submitted Agreed Judgment Entry, *does not* state that the Commission/Staff Hearing Officer has reviewed and either approved or denied the settlement agreement. Rather, the memo, which states that it is from the "Industrial Commission Court Section" to the "BWC Claims Representative," reads as follows: "Pursuant to the attached Judgment Entry the court case has been concluded. The court has decided that the claimant cannot participate in the Workers' Compensation Fund for: Major Depressive Disorder, Recurrent, Moderate. Therefore, this claim is **<u>disallowed</u>** * * *. Please implement the court order and update your records accordingly."

{¶44} This appears to indicate that the Industrial Commission believed the trial court had disallowed compensation and that such compensation should be ceased due to that judgment. It does not contain language to show that the settlement between the parties was disapproved, approved, or even considered, but appears only to direct the claims representative to follow the trial court's order. This is supported by the fact that neither the letter from Wal-Mart nor the Agreed Judgment Entry put the Industrial Commission on notice that a settlement existed. The Agreed Judgment Entry also contained no terms of the settlement which would allow the Staff Hearing Officer to review whether the "settlement agreement is or is not a gross miscarriage of justice," under R.C. 4123.65(D). The majority's contention that the Industrial Commission was

14

"satisfied with the information provided" completely fails to recognize the circumstances and facts present in the record and outlined above.

{¶45} The opinion's contention that "the workers' compensation system could approve the settlement without concern that the system would be adversely affected because the agreed judgment entry indicated the parties agreed the claim was to be disallowed," *supra* at ¶ 24, raises serious concerns. If the parties' agreement that the claim should be disallowed alone was sufficient and warranted little or cursory review, there would be no requirement under R.C. 4123.65(D) to submit the settlement to the Industrial Commission. No meaningful review can be conducted without the ability to read the terms of the settlement. Under the majority's conclusion, the Industrial Commission's sole purpose would be to rubber stamp settlement agreements.

{¶46} This interpretation of the statute would fail to protect both the workers' compensation system and the parties. *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, 950 N.E.2d 505, ¶ 13 (a court may not construe a statute in a manner that renders a provision meaningless). Since "settlement of workers' compensation cases necessarily affects the interests of the workers' compensation system itself," the proper administrative review of the settlement agreement must be required. *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 203, 724 N.E.2d 787 (2000). Failure to enforce statutory requirements to obtain approval of a settlement from the Industrial Commission would eliminate the exact protection of participants that the legislature intended to create.

{¶47} Regarding the issue of the timeliness of Burke's Civ.R. 60(B) Motion, this was not raised by Wal-Mart. Regardless, the trial court found that the motion was

"deemed timely under *GTE*," which requires a motion to be made "within a reasonable time" and within a year if the grounds for relief are Civ.R. 60(B)(1), (2) or (3). *GTE Automatic*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. This conclusion was proper, since it was reasonable to file within approximately a year of executing the Agreed Judgment Entry, especially given that the memo from the Industrial Commission "disallowing" the claim was not even written until May 15, 2015, almost six months after the Agreed Judgment Entry was signed. It is reasonable that this matter was not fully understood or discovered to be a problem until the time the 60(B) Motion was filed.

{¶48} For these reasons, and to preserve the settlement process as set forth by the General Assembly in R.C. 4123.65(D), I respectfully dissent.