[Cite as *Hart v. Ridge Tool Co.*, 2013-Ohio-1487.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

GRADY HART

     Appellant

     v.

RIDGE TOOL CO., et al.

     Appellees

C.A. No.     12CA010234


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.   06CV148324
                09CV164536
                10CV169629

DECISION AND JOURNAL ENTRY

Dated: April 15, 2013

---

BELFANCE, Presiding Judge.

{¶1} Grady Hart appeals the decision of the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2} This case arises out of an injury suffered by Mr. Hart during his employment at Ridge Tool Company, a self-insured employer. Mr. Hart made a workers' compensation claim seeking coverage for depression arising from the injury. He also filed a second claim seeking coverage for opiate dependence. Both claims eventually came to the Lorain County Court of Common Pleas on appeals by Ridge Tool from decisions of the Industrial Commission, and protracted settlement negotiations ensued. On April 24, 2012, the parties informed the court below that they had reached an agreement. The lower court entered judgment in both cases, ordering that Mr. Hart could no longer pursue his claims for opiate dependence or depression.

{¶3} Mr. Hart has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

TO THE BEST OF MY ABILITY I HAVE RESEARCHED THE AUTHORITIES AND CASES ON THIS BRIEF. I DO NOT ALWAYS UNDERSTAND EXACTLY WHAT I READ, IT [(SIC)] SOME AUTHORITIES COULD BE INCORRECT. ACCORDING TO WHAT I HAVE UNDERSTOOD UNDER THE LAW I DO HAVE A RIGHT TO A TRIAL.

{¶4} While Mr. Hart's precise arguments are difficult to follow, it is clear that he asserts that the lower court should not have entered judgment and terminated his cases in the manner it did. We agree.

{¶5} We note that Mr. Hart has appeared pro se. It is well-established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. No. 12CA0036–M, 2012–Ohio–5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id*. With this in mind, we turn to Mr. Hart's argument that the lower court should not have closed the case in the manner it did.

{¶6} Though Mr. Hart's argument is not easily discernible, he does argue that the lower court prematurely closed the cases and cites to R.C. 4123.65. "R.C. 4123.65 regulates the settlement of workers' compensation claims by providing for administrative review to protect parties against settlements that are 'clearly unfair' or that constitute 'gross miscarriage[s] of

justice.'" (Footnote omitted.) *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 202-203 (2000), quoting R.C. 4123.65(D). R.C. 4123.65(C) provides that

> [n]o settlement agreed to * * * by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after * * * the self-insuring employer and employee sign the final settlement agreement. During the thirty-day period, * * * the employer or employee, for self-insuring settlements, may withdraw consent to the settlement * * *.

R.C. 4123.65 "applies to claims on appeal to a common pleas court under R.C. 4123.512 as well as to claims still at the administrative level." *Gibson* at syllabus.

{¶7} While the record in this case is extremely limited, it is clear that the lower court closed the cases and entered judgment on the claims prior to the parties having a binding settlement agreement. *See id.* at 204 (R.C. 4123.65 "does not restrict a trial court's power to enforce a binding settlement; rather, the statute identifies the point at which a .512 settlement *becomes* binding (and, thus, enforceable).") (Emphasis sic.). On April 24, 2012, the lower court issued its judgment entries that declared that Mr. Hart could no longer pursue his claims for depression or opiate dependency. However, the transcript of the hearing that occurred that day indicates that the parties had notified the lower court that an agreement had been reached which the parties intended to reduce to writing. Thus, it is apparent that the required 30-day waiting period of R.C. 4123.65(C) had not run, and the lower court's entries of judgment, which contained statements that Mr. Hart could not pursue his claims, were premature because any agreement the parties reached had not yet become binding. *See Gibson* at 203 ("The oral settlement never legally bound Gibson and thus could not be enforced because Gibson had not signed the agreement and, moreover, would have had thirty days from signing to withdraw his written consent."); R.C. 4123.65(C).

{¶8} Accordingly, Mr. Hart's assignment of error is sustained.

## III.

**{¶9}** In light of the foregoing, the judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

GARY C. HART, pro se, Appellant.

MICHAEL L. WILLIAMS and GREGORY P. MATHEWS, Attorneys at Law, for Appellee.

MICHAEL DEWINE, Ohio Attorney General, and SANDRA J. LISOWSKI and SARAH E. THOMAS, Assistant Attorneys General, for Appellee.