[Cite as *Hart v. Ridge Tool Co.*, 2014-Ohio-5088.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

GRADY HART

    Appellant

    v.

RIDGE TOOL COMPANY, et al.

    Appellees

C.A. No.     14CA010559

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    09CV164536
                   13CV182098

DECISION AND JOURNAL ENTRY

Dated: November 17, 2014

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Grady Hart, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I

This case arises out of an injury suffered by Mr. Hart during his employment at Ridge Tool Company, a self-insured employer. Mr. Hart made a workers' compensation claim seeking coverage for depression arising from the injury. He also filed a second claim seeking coverage for opiate dependence. Both claims eventually came to the Lorain County Court of Common Pleas on appeals by Ridge Tool from decisions of the Industrial Commission, and protracted settlement negotiations ensued. On April 24, 2012, the parties informed the court below that they had reached an agreement. The lower court entered judgment in both cases, ordering that Mr. Hart could no longer pursue his claims for opiate dependence or depression. [Hart appealed.]

*Hart v. Ridge Tool Co.*, 9th Dist. Lorain No. 12CA010234, 2013-Ohio-1487, ¶ 2.

{¶2} On appeal, this Court reversed the trial court's judgments because it did not wait the statutorily required 30 days before enforcing the settlement agreement. *Id*. at ¶ 7-8. The case was remanded for compliance with R.C. 4123.65(C). *Id*. at ¶ 7-9.

{¶3}   In September 2013, approximately five months after remand, Ridge Tool filed a motion to enforce the settlement agreement.  Hart opposed the motion.  Meanwhile, on November 15, 2013, the Industrial Commission approved the settlement agreement.  Hart appealed the Industrial Commission's decision to the Lorain County Court of Common Pleas.  The trial court consolidated that appeal with his ongoing case.  Ultimately, on February 28, 2014, the trial court found that the settlement agreement was final and dismissed Hart's cases.  Hart now appeals and raises one assignment of error for our review.

II

Assignment of Error

ACCORDING TO WHAT I HAVE UNDERSTOOD UNDER THE LAW, I DO HAVE A RIGHT TO TRIAL DUE TO THE SETTLEMENT NOT BEING SIGNED OR BEING GIVEN THE 30 DAY WITHDRAWAL PERIOD [ ] TO WITHDRAW THE "OUTLINE" AND I WAS NOT IN MY RIGHT MIND WHEN I SIGNED THE "OUTLINE."  DUE TO THE COURT OF COMMON PLEAS HANDLING OF THE COURT OF APPEALS DECISION, OVERRULLING THE COURT OF APPEALS DECISION.  I DO HAVE A RIGHT TO TRIAL. (Sic.)

{¶4}   In his sole assignment of error, Hart argues that the court erred in enforcing the settlement agreement because he is entitled to a trial based on this Court's prior decision.  We disagree.

{¶5}   Hart's argument relies on the premise that this Court rejected or reversed the terms of the settlement agreement.  Hart misunderstands our prior opinion.  In *Hart v. Ridge Tool Co.*, 2013-Ohio-1487, this court reversed the trial court's judgment entries because it had "closed the cases and entered judgment on the claims prior to the parties having a binding settlement agreement."  *Id*. at ¶ 7.  As discussed in *Hart*, R.C. 4123.65(C) gave the parties a 30-day window to withdraw consent to the settlement agreement.  *Id*. at ¶ 6-7.  Despite Hart's contention, this Court did not invalidate the settlement agreement.  Instead, we remanded the case for the court to

allow the parties 30 days to withdraw their consent pursuant to R.C. 4123.65(C), if they should so choose. *Id.* at ¶ 7-9.

**{¶6}** The matter was remanded to the trial court in April 2013. Hart, then, had 30 days to withdraw his consent. *See* R.C. 4123.65(C). *See also Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987) (Upon reversal and remand from the court of appeals, the case "is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal."). In order to withdraw his consent, Hart was required to provide written notice within 30 days to Ridge Tool and the administrator of workers' compensation. R.C. 4123.65(C). *See also State ex rel. Jones v. Conrad*, 92 Ohio St.3d 389, 390-392 (2001). While there are various documents in the record that indicate Hart wanted to proceed to trial, there is no indication that he served written notice to the parties as required by the statute. Instead, it appears that Hart proceeded on the misunderstanding that the settlement agreement itself had been vacated by our prior decision.

**{¶7}** On September 13, 2013, well after the 30-day waiting period, Ridge Tool filed a motion to enforce the settlement agreement. Hart filed various memoranda in opposition, none of which argued that he had withdrawn his consent pursuant to R.C. 4123.65(C). On February 28, 2014, the trial court found the settlement agreement, having been approved by the Industrial Commission on November 15, 2013, was final and dismissed the case. Because the record does not establish that Hart gave written notice of his desire to withdraw his consent within 30 days to Ridge Tool and the administrator of workers' compensation, we cannot conclude that the trial court erred in finding that the settlement agreement was final. *See State ex rel. Jones* at 392.

**{¶8}** Hart's sole assignment of error is overruled.

III

{¶9} Hart's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶10} I respectfully dissent. It is clear from his first appeal and his motions in opposition to the enforcement of the settlement agreement upon remand that Hart withdrew his consent. On that basis, I would reverse.

APPEARANCES:

GRADY C. HART, pro se, Appellant.

MICHAEL L. SQUILLACE, Attorney at Law, for Appellee.

SARAH THOMAS, Assistant Attorney General, for Appellee.